# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALLEN SURPRISE,

       Plaintiff,

v.                                                      Case No. 13-C-912

CAROLYN COLVIN,

       Defendant.

## ORDER GRANTING FEES

Following this Court's decision and order remanding the action to the Commissioner, the Plaintiff has moved for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). In order to grant fees, this court must find that the government's position was not substantially justified. "A position taken by the Commissioner is substantially justified if it has a reasonable basis in fact and law, and if there is a reasonable connection between the facts and the legal theory. The Commissioner bears the burden of proving that both his pre-litigation conduct, including the ALJ's decision itself, and his litigation position were substantially justified." *Stewart v. Astrue,* 561 F.3d 679, 683 (7th Cir. 2009).

The government opposes the motion, arguing that because it won on most of the substantive aspects of the appeal, its position was in fact substantially justified. In some sense the government is correct that, on most accounts, the Plaintiff was unsuccessful. But the basis of the remand was the fact that the transcript had a number of spots marked "inaudible," which prevented meaningful judicial review. Even if that could be seen as a technical point, the failure to recognize the problem

in the early course of the litigation resulted in a full prosecution of the appeal and incurrence of its attendant fees. Once the matter was pointed out, it would have been a simple enough matter to have a limited administrative re-do without requiring extensive briefing on the substantive points. Instead, the government asked the Court and the Plaintiff to engage in speculation about what a witness probably said during his testimony. That is not the kind of judicial review that is likely to hold up on appeal. Finally, it is hoped that awarding fees under these circumstances will encourage earlier resolution of technical flaws, and perhaps even their elimination in the first place. For these reasons, I conclude the government has not met its burden to establish substantial justification. The amount of fees sought is reasonable (and unopposed), and accordingly the motion is **GRANTED**. The government is ordered to pay $8,747.92 to Plaintiff's counsel, unless Plaintiff has an existing debt to the government, which amount may be subtracted from the total.

**SO ORDERED** this 6th day of April, 2015.

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court